**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CRIMINAL ACTION NO. 4:21-CV-00002-BJB-HBB-8**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**

**JAMES ANTONIO SMITH**                                              **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

Before the Court is the motion of Defendant James Antonio Smith for release from custody, (DN 134).  The United States has filed a Response in opposition (DN 138).

Smith is charged with conspiracy to possess with intent to distribute methamphetamine and conspiracy to possess with intent to distribute fentanyl (DN 24).  On March 29, 2021 the undersigned conducted a detention hearing (DN 104).  At the conclusion of the hearing, the undersigned found that the presumption in favor of detention had not been overcome, and Smith posed a danger to the community for which no condition or combination of conditions could adequately address (Id.).  Smith was lodged in the Henderson County Detention Center (*see* DN 117).  On May 14, 2012 Smith filed a motion requesting to be transferred to another detention facility, arguing that HCDC lacked adequate facilities for him to collaborate with his attorney in preparing his defense (Id.).  The undersigned granted the motion (DN 124).  The United States Marshal's Service subsequently transferred Smith to the Grayson County Detention Center.

In his present motion, Smith contends that he suffers from hypertension and debilitating headaches (DN 134 p. 2).  He further asserts that the was transported to the hospital on July 12, 2021, for chest pain radiating down his left arm, weakness in that arm, and blurred vision (Id.).

He was admitted and later discharged on July 19, 2021 (Id.). He states he was again hospitalized on August 4, 2021 (Id.). He states he has been advised by hospital staff that he needs to follow up with a neurologist and a cardiologist (Id.). While a follow up with a neurologist was scheduled, he was not aware of any follow up with a cardiologist having been scheduled (Id.). He also notes that, although he has been vaccinated for Covid-19, social distancing is not an option in jail and, in conjunction with his underlying health issues, places him at greater risk of serious complications should he contract Covid-19 (Id.). He further complains that, because of crowded conditions in his cell, he sleeps on the floor with ear plugs and has sometimes missed the early morning medication distribution as a result of the jail staff not waking him (Id. at p. 2-3). He requests, in light of his change of circumstances from his medical condition, that he be released from custody, with conditions, so that he can more readily schedule medical appointments and have access to medication (Id. at p. 3).

## DISCUSSION

Smith's motion is construed as a request for his detention hearing be reopened. "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f).

Here, Smith has not demonstrated that there is a change in condition which materially affects the risk of harm he poses to the community. He is receiving the recommended medical care and medications. The medical documentation he submitted in support of his motion does not establish the existence of a medical condition for which treatment cannot reasonably be provided

while incarcerated (DN 134-1).  He has not submitted an affidavit or testimony from a physician establishing the need for particular medical treatment and that such treatment cannot be provided to him while incarcerated.

To the extent that Smith finds the medical care deficient, "an inmate's conditions of confinement are immaterial to the issue of whether he is a danger to the community and/or risk of flight.  If [a defendant] is not getting proper medical care . . . he has remedies available to him, including grievances or ultimately bring suit against the facility."  United States v. Keller, No. 07-40016-FDS, 2008 U.S. Dist. LEXIS 103848, *9-10 (D. Mass. Aug. 4, 2008); *see also* United States v. Crowe, No. 1:20-CR-00030-GNS-1, 2021 U.S. Dist. LEXIS 123210, at *2-3 (W.D. Ky. June 30, 2021).

### ORDER

**WHEREFORE**, the Defendant's motion for release from custody (DN 134) is **DENIED WITHOUT PREJUDICE**.

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

September 9, 2021

Copies:       Counsel of Record

T/C: 0/07

3